IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KELLY S. McENTIRE,<br><br>               Plaintiff,<br><br>v.<br><br>ROBERT NEWMAN and JAMES SELANDER,<br><br>               Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:12-cv-01133<br><br>United States District Court Judge Dale Kimball<br><br>Magistrate Judge Dustin Pead |

      This matter was referred to Magistrate Judge Dustin Pead by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B) (Docket Number 3). Before the court is Kelly S. McEntire's (Plaintiff) Motion For Appointment of Counsel (Docket Number 2).[1]

      A plaintiff in a civil case has no statutory or constitutional right to the appointment of counsel. *See, e.g.*, *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). When deciding whether to appoint counsel, a Court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996).[2]

---

[1] In his motion, Plaintiff indicates that the court previously approved his application to file the matter in forma pauperis pursuant to 28 U.S.C. § 1915. (Docket Number 2). However, the docket reflects that Plaintiff paid the $350.00 filing fee associated with the filing of her complaint, and therefore she did not proceed under the in forma pauperis statue. (Docket Number 1. Receipt number 4681054604).

Considering the above factors in relation to this case, the Court concludes that (1) it is not yet clear whether Plaintiff has asserted colorable claims, (2) the issues involved in this matter are not overly complex, and (3) Plaintiff is able to adequately present his claims.  Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel at this time.  However, as the matter develops, if it appears that counsel may be necessary or of special help, the Court may choose to exercise its discretion and appoint an attorney to represent Plaintiff pro bono.

**IT IS SO ORDERED**.

DATED this 14th day of January, 2013.

_____
Dustin Pead
U.S. Federal Magistrate Judge